IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 15-00636 HG |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| ROHSAAN MATTHEWS, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) & AMENDMENT 782 (ECF No. 30)**

Defendant Rohsaan Matthews, proceeding pro se, has filed a Motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. Defendant is not eligible to receive a reduction.

Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 (ECF No. 30) is **DENIED**.

**PROCEDURAL HISTORY**

On August 19, 2015, Defendant Rohsaan Matthews was charged in an Information (ECF No. 1) as follows:

**Count 1** for knowingly and intentionally conspiring to distribute and possess with intent to distribute a quantity of

1

methamphetamine, its salts, isomers and salts of its isomers, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C).

On August 27, 2015, Defendant Matthews pled guilty to Count 1 of the Information pursuant to a Memorandum of Plea Agreement ("Plea Agreement"). (ECF No. 8).

On January 22, 2016, Defendant Matthews was sentenced to 78 months imprisonment. (ECF No. 27).

Defendant Matthews did not appeal his conviction or his sentence.

On January 7, 2019, Defendant, proceeding pro se, filed Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782. (ECF No. 30).

## **ANALYSIS**

18 U.S.C. § 3582(c)(2) authorizes district courts, in some circumstances, to modify an imposed sentence in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. United States v. Dunn, 728 F.3d 1151, 1155 (9th Cir. 2013); see also 28 U.S.C. § 994(o).

The United States Supreme Court has interpreted 18 U.S.C. § 3582(c)(2) as establishing a two-step inquiry. Dillon v. United States, 560 U.S. 817, 826-27 (2010).

2

First, the Court must determine if a defendant is eligible for a sentence reduction based on a guideline that has been lowered by the Sentencing Commission after the date the defendant was sentenced.  28 U.S.C. §§ 994(o),(u).

Second, the Court must consider whether a reduction is warranted pursuant to the sentencing factors set forth in 18 U.S.C. § 3553(a).  U.S.S.G. § 1B1.10 Commentary, Application Note 1(B)(i)-(iii); Dillon, 560 U.S. at 826-28.

The Court does not reach the second step in the inquiry. Defendant is not eligible for a sentence reduction pursuant to Amendment 782 to the United States Sentencing Guidelines. Amendment 782 was in effect at the time of Defendant's sentencing on January 22, 2016, and it was applied to calculate Defendant's sentencing guidelines.

**I. Amendment 782 to the United States Sentencing Guidelines Was Already Applied to Calculate Defendant's Sentencing Guidelines at His January 22, 2016 Sentencing**

Defendant requests a reduction in sentence pursuant to Amendment 782 to the United States Sentencing Guidelines. (Def.'s Mot. for Reduction of Sentence, ECF No. 30).

On November 1, 2014, Amendment 782 to the United States Sentencing Guidelines became effective.  Amendment 782 reduced by two levels some, but not all, of the base offense levels in the Drug Quantity Tables at U.S.S.G. §§ 2D1.1 and 2D1.11.

3

Amendment 782 to the United States Sentencing Guidelines was in effect at the time of Defendant's sentencing on January 22, 2016. Amendment 782 was incorporated into the 2014 United States Sentencing Guidelines.

Defendant's Presentence Investigation Report indicates that the "U.S. Sentencing Commission Guidelines Manual which incorporates amendments effective 11/01/2015" was utilized for guideline computation purposes. (Presentence Investigation Report at ¶ 21, ECF No. 14).

Defendant's sentencing guidelines have not been altered subsequent to the November 1, 2014 Amendment 782. Amendment 782 was applied at Defendant's sentencing. Defendant was sentenced using the 2015 version of the Sentencing Guidelines, which incorporated the amendment.

**II. Defendant Is Not Eligible For Relief Pursuant To The First Step Act**

Defendant filed this motion after the recent passage of the First Step Act, Pub. L. No. 115-391. The Court "may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). The Court liberally[1] construes Defendant's motion to also consider whether his term of imprisonment may be modified by the retroactive

---

[1] "[H]andwritten pro se document[s] [are] to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976).

4

provisions of the First Step Act.

On December 21, 2018, the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, was signed into law.  The First Step Act implements reforms to the criminal justice system.

There are a number of reforms in the First Step Act, but Section 404 is the only provision that applies retroactively to defendants who have already been sentenced.  Section 404 permits the district courts to reduce a sentence retroactively based on the revised statutory penalties of the Fair Sentencing Act of 2010, Pub. Law 111-220; 124 Stat. 2372.  <u>See</u> First Step Act § 404(a).  The Fair Sentencing Act of 2010 modified the statutory sentencing range for crack cocaine offenses.

Here, Defendant was not sentenced to an offense involving crack cocaine.  Defendant pled guilty to an offense involving methamphetamine, not an offense involving crack cocaine. Defendant is not eligible for a reduction of his imprisonment term pursuant to the First Step Act.

Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 (ECF No. 30) is **DENIED.**

## <u>CONCLUSION</u>

Defendant Rohsaan Matthews's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782

(ECF No. 30) is **DENIED**.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 18, 2019.

/s/ Helen Gillmor
Helen Gillmor
United States District Judge

United States of America v. Rohsaan Matthews, Crim. No. 15-00636 HG; **ORDER DENYING DEFENDANT ROHSAAN MATTHEWS'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) AND AMENDMENT 782 (ECF No. 30)**